UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHARON MADISON,

    *Plaintiff*,

v.

VELTRI, INC, TIM LEWIS, & TRANSFORCE, INC., ET AL.,

    *Defendants*.

Civil Action No. 21-12117 (JMV) (JSA)

**ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court by way of Defendant's Tim Lewis's motion to dismiss the Complaint, D.E. 2 ("Compl.") pursuant Federal Rule of Civil Procedure 12(b)(6), D.E. 7. Plaintiff responded that she does not oppose the motion. D.E. 11. And it

    **APPEARING** that Plaintiff filed her Complaint in New Jersey state court. Compl. Plaintiff named several Defendants, including her former coworker, Tim Lewis, and accused him, along with Defendants Veltri, Inc., and TransForce, Inc., of creating a hostile work environment in violation of the New Jersey Law Against Discrimination (LAD), N.J. Stat. Ann. §§ 10:5-1 to -49, and of aiding and abetting the creation of such an environment. Compl. ¶¶ 1-79. Plaintiff alleged that Lewis was her coworker and not her supervisor. *See id.* ¶ 10; and it further

    **APPEARING** that Defendants thereafter removed the action to this Court, D.E. 1;[1] and it further

---

[1] Defendant TransForce removed this matter on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) D.E. 1 at 2. Lewis and Plaintiff, however, are both residents of New Jersey. Compl. at 1, ¶ 11 Nevertheless, because Plaintiff lacked a reasonable basis to join Lewis who could not be liable as a matter of law, his joinder may be disregarded for purposes of a diversity-

**APPEARING** that Defendant Lewis then filed his motion to dismiss, arguing that as a matter of New Jersey law, "non-supervisory employees such as Lewis cannot be held individually liable under the LAD." D.E. 7-1 at 4. And it further

**APPEARING** that Plaintiff agreed that Lewis is not a proper defendant in this action and concluded that "I do not object to this motion." D.E. 11 (emphasis omitted).

As a result, and for good cause shown

**IT IS** on this 20th day of December, 2021,

**ORDERED** that Defendant's motion, D.E. 7, to dismiss the Complaint as to Defendant Lewis is **GRANTED with prejudice**.

_____
John Michael Vazquez, U.S.D.J.

---

jurisdiction analysis. *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Without Lewis, the parties are completely diverse.